John J. Frick and Sula B. Frick v. Commissioner.
Frick v. Commissioner
Docket No. 2309-62.
United States Tax Court
T.C. Memo 1963-229; 1963 Tax Ct. Memo LEXIS 116; 22 T.C.M. (CCH) 1161; T.C.M. (RIA) 63229; August 26, 1963
*116 Held, petitioner, John J. Frick, did not provide more than one-half of the support of Nancy Frick and Timothy Frick, his children by a previous marriage, during the calendar year 1959. John D. Woodward, for the petitioners. Eugene H. Ciranni, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1959 in the amount of $312.01. The only issue is whether, during the year 1959, petitioner John J. Frick contributed over half of the support of his two minor children by a previous marriage. Findings of Fact *117 The stipulated facts are so found and are incorporated herein by this reference. Petitioners are individuals, husband and wife, with residence at Walnut Creek, California. Their joint return for the calendar year 1959 was filed with the district director of internal revenue at San Francisco, California. Petitioner John J. Frick, also known as John J. Frick, Jr., will hereinafter sometimes be referred to as "petitioner." Petitioners, on their return, claimed dependency exemptions for Nancy Frick and Timothy Frick, petitioner's children by a previous marriage. Nancy was born October 30, 1941, and Timothy on July 11, 1947. The respondent disallowed the deductions in the amount of $1,200 and explained his disallowance thus: (a) It is determined that you are not entitled to the dependency credit exemptions claimed on your return for 1959 for the children of Mr. Frick, Nancy Frick and Timothy Frick, for the reason that you have not established that you furnished more than one-half of their support for that year.
Petitioner and Barbara J. Frick, the parents of Nancy and Timothy, received an interlocutory judgment and decree of divorce on February 20, 1953, in the Superior Court *118 of the State of California, in and for the County of Contra Costa. This decree awarded the care, custody, and control of Nancy and Timothy to their mother. The decree also ordered petitioner to pay Barbara J. Frick $100 per month for the support and maintenance of Nancy and Timothy. The aforementioned interlocutory judgment and decree of divorce approved of an executed property settlement agreement between petitioner and Barbara J. Frick. The said property settlement agreement disposed of the real property, consisting of a house and lot at 1937 Newell Avenue, Walnut Creek, California, formerly occupied by the parties as their home, by changing the ownership of the property from joint tenancy to tenants-in-common. In the property settlement agreement petitioner was called first party, Barbara was called second party, and both collectively were called "the parties." Among other things the agreement provided: Said real property shall henceforth not be held and owned by the parties as joint tenants with right of survivorship, but shall be held and owned by the parties as tenants-in-common, each owning an undivided one-half (1/2) interest therein; provided, however, that during the *119 period ending July 11, 1968, so long as second party is living and has not remarried, second party shall have and own the exclusive right, title and interest in and to the use and occupancy of said real property, and first party shall have no right, title or interest in or to the use or occupancy of the same, and shall have no right to use or occupy the same, and in order to carry out this provision of this agreement first party waives the right to a partition or sale of said real property during said period. * * *
Nothing herein contained shall prevent either party from exercising his or her right of partition or sale of said real property on the occurance of any of the following events: (1) The death of first party. (2) The death of second party. (3) The remarriage of second party. (4) The death of the minor daughter of the parties during her minority and subsequent to the prior death of the minor son of the parties. (5) The death of the said minor son during his minority after the majority or prior death of said daughter. (6) The failure of second party to utilize such property as a residence for herself and children, her servants and their families. (7) The *120 failure of second party to reside and live on said premises. Second party shall pay all maintenance expenses while residing on said property; repairs thereon not caused proximately by second party, said children or guests, shall be borne by the parties equally. On February 26, 1954, Barbara was granted a final judgment of divorce by Judge Harold Jacoby of the Superior Court of the State of California in and for the County of Contra Costa. In this final judgment the mother was given custody of the children, the father was ordered to pay the mother $100 per month for the support and maintenance of the children, and the property settlement agreement was approved, all of which had been provided for in the interlocutory judgment. Barbara paid all maintenance expenses during the year 1959 pursuant to the abovementioned property settlement agreement and petitioner and Barbara each paid one-half of the mortgage payments and one-half of the property taxes on the property at 1937 Newell Avenue, also pursuant to the abovementioned property settlement agreement. Paragraph 10 of the stipulation of facts is as follows: 10. During the calendar year 1959 the total amounts expended for petitioner's *121 children, Nancy Frick and Timothy Frick, were as follows: Items
Total
Barbara
Nancy
Timothy
(Wife)
Food
$1,200.00
$400.00
$ 400.00
$ 400.00
Medical
105.14
87.39
Transportation (Nancy drives)
450.00
150.00
150.00
150.00
Fair Rental Value ( $125 per mo. -
house & lot at 1937 Newell Ave.,
Walnut Creek, Calif.)
1,500.00
500.00
500.00
500.00
Fair Rental Value for Furniture ( $30
per mo.)
360.00
120.00
120.00
120.00
Utilities
360.00
120.00
120.00
120.00
Education, Camping, Sports, Haircuts
& Miscellaneous
120.00
180.00
Clothing
1,223.22
379.01
451.10
393.11
Extra money contributed by Father
135.00
25.00
$2,101.24
$1,975.50
One-half
$1,050.62
$ 987.75
Cash support provided by petitioner
$ 747.50
$ 637.50
Support provided by petitioner if he is not entitled to
claim any part of the fair rental value of the home as
part of his contribution
$ 747.50
$ 637.50
Support provided by petitioner if he is entitled to claim
one-half of the fair rental value of the home as a part
of his contribution, allocated among Barbara J. Frick,
Nancy Frick & Timothy Frick ( $750 / 3 = $250)
$ 997.50
$ 887.50
Support provided by petitioner if he is entitled to claim
one-half of the fair rental value of the home as part
of his contribution, allocated between Nancy and Timothy
only ( $750 / 2 = $375)
$1,122.50
$1,012.50
*122 Ultimate Finding of Fact Petitioner did not provide more than one-half of the support of his children, Nancy Frick and Timothy Frick, during the calendar year 1959. Opinion The only question to be decided is whether petitioner may claim any part of the fair rental value of the house and lot at 1937 Newell Avenue as part of his contribution to the support of his children. The parties have stipulated that one-half of the support of Nancy amounted to $1,050.62 and that one-half of the support of Timothy amounted to $987.75. The parties have further stipulated that if petitioner is not entitled to claim any part of the fair rental value of the house and lot as part of his contribution then he contributed only $747.50 toward Nancy's support and $637.50 toward Timothy's support, both of which contributions are less than half. The parties have also stipulated that even if it should be held that petitioner was entitled to claim one-half of the fair rental value, such one-half of $1,500, or $750, would have to be allocated equally between Nancy and Timothy, $375 to each, in order to bring petitioner's contribution to over one-half of the support of each child. However, the respondent *123 contends that the allocation would have to be made equally among Barbara, Nancy and Timothy, $250 to each, which would make petitioner's contribution to Nancy $997.50 ($747.50, plus $250) and his contribution to Timothy $887.50 ($637.50, plus $250), which amounts would be less than one-half of the support of each child. We do not think petitioner is entitled to claim any part of the fair rental value of the former home of petitioner and Barbara as part of his contribution to the support of his children. The property settlement agreement, executed by petitioner and Barbara, clearly granted to Barbara "during the period ending July 11, 1968 [which was Timothy's 21st birthday], so long as second party is living and has not remarried * * * the exclusive right, title and interest in and to the use and occupancy of said real property, and first party shall have no right, title or interest in or to the use or occupancy of the same, and shall have no right to use or occupy the same, and in order to carry out this provision of this agreement first party waives the right to a partition or sale of said real property during said period." Although this exclusive possessory interest could be *124 terminated upon the occurrence of any of the seven specific events mentioned in the property settlement agreement, it is clear that, until one of those events occurred, Barbara was entitled to the exclusive possessory interest in the home and petitioner had no right, title or interest in or to the use or occupancy of the same. The facts in the instant case are substantially on all fours in principle with the facts in Delbert D. Bruner, 39 T.C. 534 (petition for review to C.A. 5 dismissed pursuant to stipulation of the parties). In that case Delbert and Jewel Bruner were divorced; Jewel was given the custody of their minor son Tom and the beneficial ownership of the home, owned by Delbert and Jewel as tenants in common, until Tom reached the age of 18 or until Jewel should remarry. In holding that Delbert was not entitled to claim any part of the fair rental value of the home as part of his contribution to the support of Tom, we said in part: Lodging support for Tom in 1958 and 1959 does not depend on the respective legal interests owned by Jewel and Delbert in the residence. It is based rather on fair value of the lodging furnished. Jewel had the sole right to possession *125 and occupancy in the years in issue and accordingly the lodging furnished Tom in that residence was furnished by her. In accordance with our holding in Delbert D. Bruner, supra, we hold petitioner may not claim any part of the fair rental value of the home as part of his contribution to the support of his children. All he contributed was the cash support of $747.50 for Nancy and $637.50 for Timothy which was less than one-half of the total amounts expended for the support of the children. Therefore, under sections 151 and 152 of the 1954 Code, petitioner is not entitled to claim exemptions totaling $1,200 for his minor children. In view of this holding, we do not reach the question of allocation as to whether one-half of the fair rental value should be allocated among Barbara, Nancy, and Timothy or only between the children. Decision will be entered for the respondent.